IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LYNNETT MYERS,<br>  individually and on behalf of<br>  all others similarly situated,<br>32535 Ross Road<br>Portland, Ohio 45770<br><br>And<br><br>CAROL BUTLER,<br>  individually and on behalf of<br>  all others similarly situated,<br>188 Paulhurst Plaza<br>Parkersburg, West Virginia 26101<br><br>And<br><br>ARVA LOWTHER,<br>  individually and on behalf of<br>  all others similarly situated,<br>3460 Market Street<br>Stockport, Ohio 43787<br><br>      Plaintiffs,<br><br>   - vs -<br><br>MEMORIAL HEALTH SYSTEM<br>MARIETTA MEMORIAL HOSPITAL<br>By Serving Its Registered Agent<br>  Paul G. Westbrock<br>  401 Matthew Street<br>  Marietta, Ohio 45750<br><br>      Defendant. | Case No. 2:15-cv-2956<br><br>Judge<br><br>Magistrate Judge<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**CLASS ACTION COMPLAINT**<br>**WITH JURY DEMAND**<br>**ENDORSED HEREON** |

**COLLECTIVE ACTION COMPLAINT FOR**
**DECLARATORY JUDGMENT AND COMPENSATION**
**UNDER 29 U.S.C. §§ 201,** *et. seq.*
**AND**
**CLASS ACTION COMPLAINT**
**UNDER OHIO REVISED CODE CHAPTER 4111,** *et seq.*

Plaintiffs, on behalf of themselves and all similarly situated individuals, bring this collective and class action against Defendant, Marietta Memorial Hospital ("Marietta") for monetary, declaratory, and injunctive relief due to their willful failure to compensate employees with proper pay in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01, *et seq.*, committed by intentionally failing to pay full and accurate full- and part-time, non-exempt employees for each hour worked in accordance with federal and Ohio law.  In support of the claims stated above, Plaintiffs allege the following:

## INTRODUCTION

1.   This case implicates the longstanding policy of Marietta Memorial Hospital, an affiliate of the Memorial Health System, which fails to properly compensate non-exempt employees for work performed.

2.    Employers are not required to pay employees for meal periods if the meal period is *completely uninterrupted*. However, Defendant automatically deducted 30 minutes from each shift worked by its employees, including shifts worked by Plaintiffs, regardless of whether the employees actually took the meal break or attempted to take a meal break, only to be interrupted due to the demands of the job. In fact, for employees responsible for direct patient care, Defendant instituted policies that created continuous interruptions during the majority of their meal breaks. As such, Defendant denied wages for on-duty meal periods under an illegal pay policy and practice. Under this policy, non-exempt employees involved in direct patient care were not free from work during meal periods and were denied pay for those on-duty meal periods. Defendant required and/or

permitted Plaintiffs and other similarly situated employees responsible for direct patient care to work in excess of forty hours per work week, but Defendant refused to compensate them for interrupted and/or missed meal breaks. This practice violates the Fair Labor Standards Act ("FLSA").

3. With respect to the on-duty meal break violation, Plaintiffs Myers, Butler, and Lowther are similarly situated to the following class of employees:

> **All of Defendant's current and former hourly employees who were responsible for direct patient care and were subject to Defendant's automatic meal deduction policy during the three years before this Complaint was filed up to the present.**

Defendant willfully, deliberately, and voluntarily failed to pay Plaintiffs and Class Members for all hours worked including but not limited to those hours worked in excess of forty hours per week. Defendant violated the FLSA by willfully suffering or permitting Plaintiffs and Class Members to perform work and/or remain on duty during their meal breaks, but subjecting them to an automatic 30-minute meal break deduction.

4. Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiffs and the Class Members, be paid for all hours worked including but not limited to those hours worked in excess of forty hours per week at one and one half their regular rate of pay within a single week. *See* 29 U.S.C. § 207(a).

5. Therefore, Plaintiffs file this action to recover on behalf of themselves and Class Members all unpaid wages and other damages owed to them under the FLSA, individually and as a 29 U.S.C. § 216(b) collective action, in order to remedy the extensive and sweeping violations of the wage and hour provisions which the Defendant has integrated into its time tracking and payroll policies and which have deprived Plaintiffs and Class Members of their lawfully-earned wages.

## PARTIES

6. Plaintiff, Lynnett Myers, is a citizen of the State of Ohio who was employed as a nurse by Defendant in Marietta, Ohio during the statutory period covered by this Complaint.

7. Plaintiff, Carol Butler, is a citizen of the State of West Virginia who was employed as a nurse by Defendant in Marietta, Ohio during the statutory period covered by this Complaint.

8. Plaintiff, Arva Lowther, is a citizen of the State of Ohio who was employed as a nurse by Defendant in Marietta, Ohio during the statutory period covered by this Complaint.

9. Plaintiffs Lynnett Myers, Carol Butler, and Arva Lowther's "Consent to Sue" are attached to this Complaint as Exhibit A.

10. Defendant, Marietta Memorial Hospital, is a non-profit corporation organized under the laws of the State of Ohio and has conducted business throughout the State of Ohio.

11. Defendant's principal place of business is located at 401 Matthew Street, Marietta, Ohio  45750 and regularly conducts business within this judicial circuit.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 29 U.S.C. §216(b).

13. This Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 for those claims authorized under Ohio Revised Code Chapter 4111 (R.C. 4111.03 and 4111.10).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the acts giving rise to the claims of the Plaintiffs occurred within this judicial district, and Defendant regularly conducts business in and has engaged and continues to engage in the wrongful conduct alleged herein – and thus, are subject to personal jurisdiction within – this judicial district.

## FACTUAL ALLEGATIONS

15. Three of the most basic protections afforded by the FLSA are the entitlement of employees:

> (1) to be paid for all hours worked;
>
> (2) to be paid a minimum wage; and
>
> (3) to be paid premium overtime compensation for all hours worked in excess of forty hours per week, unless such employees are properly shown to be exempt from such protections.

16. In violation of these basic protections, Defendant has had a payroll policy of automatically deducting 30 minutes per shift worked for a so-called meal break for certain hourly-paid workers.

17. This policy applies to all hourly-paid, non-exempt employees who are responsible for direct patient care.

18. Under Defendant's policy, Defendant instructs its employees to clock in at the beginning and clock out at the end of their shifts; however, Defendant does *not* require its employees to clock out at the beginning of their meal period and/or clock back in at the end of their meal period.

19. Instead, under this payroll policy, Defendant has programmed its time tracking system to automatically deduct 30 minutes per shift worked for the employees

- 5 -

subject to this policy. This is the default time tracking rule for Plaintiffs and the Class Members.

20. This payroll policy applies to employees responsible for direct patient care including, but not limited to, nurses, nursing assistants, patient care assistants, and patient care associates.

21. In violation of these basic protections, Plaintiffs and the members of the Class were not lawfully paid for all hours worked, including, but not limited to, full and accurate overtime compensation for all hours worked above and/or beyond forty hours in each work week.

22. Marietta is the former employer of Plaintiffs and the members of the Class within the meaning of the FLSA.

23. At all times material to this Complaint, upon information and belief, Marietta grossed more than $500,000 in all relevant years.

24. The reporting of hours worked by Marietta employees was uniformly and routinely manipulated by the employer to avoid reporting the accurate amount of time worked by its employees. Plaintiffs and the members of the Class were routinely not fully and accurately paid for time worked, including, but not limited to, overtime.

25. As a result of these timekeeping practices, the records of hours worked for all employees of Defendant do not accurately reflect the total hours worked by Plaintiffs and the members of the Class. Furthermore, the timekeeping records kept by Defendant do not accurately reflect the correct rate of pay that Plaintiffs and the members of the Class should have been paid for hours worked in excess of forty hours per week.

26. At this stage of litigation, Plaintiffs and the members of the Class are unable to state the exact amount of damages suffered by each of the members of the Class, but Plaintiffs and the members of the Class believe that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs bring this First Cause of Action on behalf of the Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b) (hereinafter "the Collective Class").

28. The claims under the Fair Labor Standards Act may be pursued by those similarly situated employees who opt-in to this case pursuant to 29 U.S.C. § 216(b).

29. The members of the Collective Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the Collective Action is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are numerous other individuals who are potential members of the Collective Class.

30. The claims of the Plaintiffs are typical of the claims of the Collective Class. Plaintiffs and the members of the Class work or have worked for Defendant and were subject to the same operational, compensation, and timekeeping policies and

practices, including not being paid fully and accurately for all hours worked including but not limited to these hours in excess of forty hours per week.

31. Common questions of law and fact exist as to all members of the Collective Class and predominate over any questions only affecting any member individually. The common questions of law and fact include:

(1) whether Defendant failed to pay Plaintiffs and the members of the Class for so-called meal breaks that Plaintiffs were consistently forced to work through due to the demands of the job;

(2) whether Defendant failed to pay Plaintiffs and the members of the Class full and accurate overtime compensation due to them for all hours worked in excess of forty hours per week at the correct rate at the time the hours in excess of 40 per week were performed;

(3) the correct statutes of limitation for Plaintiffs' claims and for the claims of the members of the Class;

(4) whether Plaintiffs and the members of the Class are entitled to damages, including, but not limited to, liquidated damages, and the measure of damages; and

(5) whether Defendant is liable for attorneys' fees and costs.

32. Plaintiffs will fairly and adequately protect the interests of the Collective Class as their interests are aligned with those of the members of the Collective Class. Plaintiffs have no interests adverse to the class, and Plaintiffs have retained competent counsel who is experienced in class action litigation.

33. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the dispute at bar. The damages suffered by individual members of the Collective Class are relatively small when compared to the

expense and burden of litigation, making it virtually impossible for the members of the Class to individually seek redress for the wrongs done to them.

34. Plaintiffs and the members of the Collective Class have suffered and will continue to suffer irreparable damage from the unlawful policies and practices implemented by Defendant.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring their Fourth Cause of Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all non-exempt persons employed by Defendant in the State of Ohio during the three year period immediately prior to the filing of this Complaint. The claims brought pursuant to the Ohio Minimum Fair Wage Standards Act, R.C. 4111.01, *et seq.*, may be pursued by means of a Class Action (hereinafter referred to as "the Ohio Class").

36. All such persons employed by Defendant within the State of Ohio, including Plaintiffs, are readily ascertainable. The number and identity of the Ohio Class members are determinable from the Defendant's employment records. The hours assigned and worked, the positions held, and the rates of pay for each Ohio Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by any means permissible under Fed.R.Civ.P. 23.

37. The proposed Ohio Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is currently unknown to Plaintiff,

the precise number of such persons and the facts on which the calculation of that number are based are presently within the sole control of Defendant, and, upon information and belief, there are hundreds of Ohio Class members.

38. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Ohio Class, and the relief sought is typical of the relief which will be sought by each member of the Ohio Class if that member were to file a separate action. All the Ohio Class members were subject to the same corporate practices of Defendant, as alleged herein, including the failure to pay full and accurate wages owed for each hour of work including but not limited to those hours worked in excess of forty hours per week. Defendant's company-wide policies and practices affected all Ohio Class members similarly, and Defendant benefited from the same type of unfair and wrongful act as to each Ohio Class member. Plaintiffs and the other Ohio Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

39. Plaintiffs are able to fairly and adequately protect the interests of the Ohio Class and have no interests antagonistic to the Ohio Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy before the Court – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously pursue claims against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Ohio Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them individually.  Furthermore, important public interests will be served by addressing this matter as a class action.  The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant savings.  The prosecution of separate actions by individual class members would also create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Ohio Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  Finally, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

41. Upon information and belief, Defendant has violated Ohio state law with regard to the payment of full and accurate wages.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class action treatment provides class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

42. Common questions of law and fact exist as to all members of the Ohio Class and predominate over any questions only affecting any member individually. The common questions of law and fact include:

(1) whether Defendant failed to pay Plaintiffs and the members of the Class for so-called meal breaks that Plaintiffs were consistently forced to work through due to the demands of the job;

(2) whether Defendant failed to pay Plaintiffs and the members of the Class full and accurate overtime compensation due to them for all hours worked in excess of forty hours per week at the correct rate at the time the hours in excess of 40 per week were performed;

(3) the correct statutes of limitation for Plaintiffs' claims and for the claims of the members of the Class;

(4) whether Plaintiffs and the members of the Class are entitled to damages, including, but not limited to, liquidated damages, and the measure of damages; and

(5) whether Defendant is liable for attorneys' fees and costs.

43. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT VIOLATIONS
### FULL AND ACCURATE WAGES
### (On Behalf Of The Collective Class)

44. Plaintiffs, on behalf of themselves and the members of the Collective Class, repeat and reallege the allegations contained in Paragraphs 1 through 43 above as if they were fully set forth herein.

45. At all times relevant to this action, Defendant has been and continues to be an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

46. At all times relevant to this action, Defendant employed and/or continues to employ Plaintiffs and each of the members of the Collective Class within the meaning of the FLSA.

47. At all times relevant to this action, Defendant had a uniform policy and practice of willfully refusing to pay its employees for every hour worked including but not limited to those hours worked in excess of forty hours per week by Plaintiffs and each of the members of the Collective Class.

48. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the members of the Collective Class, the applicable federal minimum wage for all hours worked including but not limited to those hours worked in excess of forty hours per week at a rate of not less than one and one-half times the regular rate of pay, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 291, *et seq.*

49. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Due to Defendant's willful FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective Class, are entitled to recover from Defendant (1) compensation for unpaid wages; (2) an additional equal amount as liquidated damages; and (3) reasonable attorneys' fees and the costs of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**OHIO MINIMUM FAIR WAGE STANARDS ACT VIOLATIONS –**
**MINIMUM AND OVERTIME WAGES**
(On Behalf Of The Ohio Class)

51. Plaintiffs, on behalf of themselves and the members of the Ohio Class, repeat and reallege the allegations contained in Paragraphs 1 through 50 above as if they were fully set forth herein.

52. Defendant failed to pay minimum wages and accurate overtime pay to Plaintiffs and the members of the Ohio Class in violation of the Ohio Minimum Fair Wage Standards Act, R.C. 4111.01, *et seq.*

53. Defendant's failure to pay proper wages to Plaintiffs and the members of the Ohio Class for each hour worked including but not limited to those hours worked in excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair Wage Standards Act and in reckless disregard of applicable law.

54. As a direct and proximate result of Defendant's failure to comply with state law minimum wage and overtime provisions, Plaintiffs and the members of the Ohio Class suffered a loss of wages and interest thereon as well as incurring the costs and attorneys' fees associated with this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated members of both the Collective and Ohio Class, request this Court grant the following relief against Defendant:

(1)     Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising all members of the Collective Class of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

(2)     Designation of Plaintiffs, Lynnett Myers, Carol Butler and Arva Lowther, as Representatives of the FLSA Collective Class Plaintiffs;

(3)     Prompt notice, pursuant to 29 U.S.C. § 216(b), to all Collective Class members that each has the right to "opt-in" to this litigation;

(4)     On the First Claim For Relief, an award of unpaid compensation for full and accurate overtime compensation to Plaintiffs and the members of the Class;

(5)     An order declaring Defendant's FLSA violation were willful;

(6)     On the Second Claim For Relief, designation of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2), apprising all members of the Ohio Class of the pendency of this action and permitting them to assert their state law wage and overtime claims in a timely manner, and an award of compensation for unpaid wages, minimum wages, and overtime wages to Plaintiffs and the members of the Ohio Class;

(7)     Designation of Plaintiffs, Lynnett Myers, Carol Butler and Arva Lowther, as Representatives of the Ohio Class;

(8)     An injunction prohibiting Marietta from engaging in future wage and hour violations;

(9) On the First and Second Claims For Relief, an award of liquidated damages to Plaintiffs and the members of the Class;

(10) On the First and Second Claims For Relief, an award of prejudgment and post-judgment interest to Plaintiffs and the members of the Class;

(11) On the First and Second Claims For Relief, an award of the costs and expenses incurred in bringing this action together with reasonable attorneys' fees and expert fees to Plaintiffs and the members of the Class; and

(12) Such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lance Chapin
Lance Chapin         (0069473)
Marcy J. Stevens     (0091949)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:   614.221.9100
Facsimile:   614.221.9272
E-mail:   lchapin@chapinlegal.com

Attorneys for Plaintiffs
Lynnett Myers, *et al.*

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues.

/s/ Lance Chapin
Lance Chapin         (0069473)
Chapin Legal Group, LLC

Attorney for Plaintiffs
Lynnett Myers, *et al.*