IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lynnett Myers, et al.,           :

     Plaintiffs,              :

  v.                               :        Case No. 2:15-cv-2956

                                   :        JUDGE ALGENON L. MARBLEY
Marietta Memorial Hospital,               Magistrate Judge Kemp

     Defendant.               :

ORDER

    This FLSA case is before the Court on defendant Memorial Health System Marietta Memorial Hospital's motion to compel the depositions of Plaintiffs Lynnett Myers, Carol Butler, Arva Lowther, and opt-in plaintiff Stacy Hanlon.  They have filed a response and the matter has been fully briefed.  For the following reasons, the motion to compel will be granted in part and denied in part.

I.

    On October 28, 2015, Ms. Myers, Ms. Butler, and Ms. Lowther filed a complaint against the Hospital asserting a wage and hour claim.  Subsequently, Stacy Hanlon consented to opt in as a plaintiff.  On January 7, 2016, Plaintiffs filed a motion for conditional certification under 29 U.S.C. §216(b), expedited discovery and issuance of notice.  The briefing on this motion is complete but it is still awaiting decision.  In opposing the motion for conditional certification, the Hospital asserted that "if the Court were inclined to consider class certification, the Hospital should be permitted an opportunity to depose the Plaintiffs."

    The Court held a preliminary pretrial conference on March 8,

2016.  With respect to discovery issues, the pretrial order stated as follows:

> A complete discovery schedule will be set at a status conference to be held following the Court's ruling on the motion for conditional certification.  In the interim, the Court will deal with discovery disputes as they arise.

On March 10, 2016 the Hospital noticed all four Plaintiffs' depositions.  On March 17, 2016, Plaintiffs filed an emergency motion which contained, among other things, a request for a protective order to prevent the depositions and a request to stay discovery until a ruling on conditional certification.  The Hospital's motion to compel was filed shortly thereafter, with the final brief (Plaintiffs' sur-reply) having been filed on May 12, 2016.

II.

In its motion, the Hospital contends that the Federal Rules allow discovery at this point in the litigation, the pretrial order specifically contemplates that discovery will begin, and the Plaintiffs cite no authority suggesting that discovery should not proceed at this stage of the case.  On this last point, referring to the arguments set forth in Plaintiffs' emergency motion, the Hospital contends that the cases relied upon by the Plaintiffs do not prohibit discovery prior to a ruling on conditional certification.  The Hospital explains that while a two-step procedure applies in determining whether an FLSA case should proceed as a collective action, this does not mean that discovery cannot be undertaken, especially where, as here, bifurcated discovery has not been ordered.  The Hospital suggests that Plaintiffs have misquoted the case law in order to support their position.  Finally, the Hospital seeks to recover fees and costs incurred in connection with its motion as a result of what it characterizes as Plaintiffs' "contrived arguments."

In response, Plaintiffs assert that the Hospital's position conflicts with the law in this Circuit.  Plaintiffs contend that collective action certification and discovery are intertwined and that, at the initial stage of this litigation, discovery is appropriately limited to the issues surrounding conditional certification.  In short, they insist that the merits discovery the Hospital seeks is premature.  They explain that the Hospital recognizes as much when it claims that it is seeking to depose plaintiffs to "test whether they are similarly situated."  Plaintiffs point out, however, that this statement of intention is undercut by the fact that the motion for conditional certification is fully briefed, a hearing has been set, and no deposition testimony is required for the Court to issue its ruling.  To the extent that the Hospital relies on the pretrial order to support its position, Plaintiffs contend that the language of the order does not indicate any specific discovery ruling other than that disputes will be dealt with as they arise.  Finally, Plaintiffs argue that there is no basis for the Hospital's request for costs and fees.

The Hospital's reply makes three distinct points at the outset: (1) the Court has not limited or bifurcated discovery; (2) the standard for determining conditional certification is not a discovery rule; and (3) merits discovery is timely and will not prejudice the plaintiffs.  The first two points are more refined iterations of arguments made in their motion.  With respect to its second point, the Hospital explains that is should not be denied merits or traditional class action discovery just because a motion for conditional certification has been filed.  The third point, as raised, is new.  In making this point, the Hospital, citing to Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011), contends that the rigorous analysis standard applicable to class certification is related to the conditional certification

-3-

question.  The Hospital explains that the Supreme Court recognized that a rigorous analysis will entail some overlap with the merits of the underlying claim.  Accordingly, the Hospital argues that the Court here should not be expected to decide the conditional certification question without reference to the merits.

This last point prompted Plaintiffs to seek to file a short sur-reply addressing the Hospital's argument.  The motion for leave to file a sur-reply sets forth good cause and the Court will grant it.  Plaintiffs argue that the rigorous analysis test to be used by the Court in certifying a class action does not apply to discovery taken in connection with a motion for conditional certification under the FLSA.  Plaintiffs explain that they have not moved for class action certification under Rule 23 and that Wal-Mart v. Dukes has no applicability here.

III.

Cutting to the heart of the parties' dispute, the Hospital asserts that it is not prohibited from deposing Plaintiffs by the Federal Rules of Civil Procedure, the preliminary pretrial order, or case law.  Plaintiffs, on the other hand, contend that taking their depositions at this point in the litigation is inconsistent with the typical procedure for a FLSA collective action.  As explained below, both positions are substantially correct, but that does not means that these arguments cannot be reconciled.

Fed.R.Civ.P. 26(d)(1) permits parties to begin discovery after they have held their Rule 26(f) conference.  There is no order in this case altering that rule, so the Hospital correctly argues that there is no current legal barrier to taking depositions.  At the same time, frequently (usually by agreement of the parties) in an FLSA action, depositions are not conducted prior to a ruling on conditional certification.  The normal course of an FLSA action in this Court has been described as

follows:

>The FLSA does not prescribe a procedure for instituting and managing a collective action against an employer. However, courts generally employ a two-tiered certification approach for deciding whether a suit can proceed as a collective action. Baptist Mem.'l., 699 F.3d at 877; Comer, 454 F.3d at 546; O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 583-85 (6th Cir. 2009).
>
>First, in what is referred to as the "initial notice" stage, the Court must determine whether to conditionally certify the collective class and whether notice of the lawsuit has been given to putative class members. White v. MPW Industrial Services, Inc., 236 F.R.D. 363, 368 (E.D. Tenn. 2006). The Court will authorize such notice if the plaintiff demonstrates that she is "similarly situated' to the employees she seeks to notify of the pendency of the action. Because the court has minimal evidence at this stage, which generally occurs prior to discovery, the determination is made using a "fairly lenient standard" that "typically results in conditional certification of a representative class." Baptist Mem.'l, 699 F.3d at 877 (citing Comer, 454 F.3d at 547); see also O'Brien, 575 F.3d at 584.
>
>Due to the lenient standard at the initial notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues when deciding whether to conditionally certify a class. See, e.g., Beetler v. Trans-Foram, Inc., No. 5:11-cv-132, 2011 WL 6130805, at *3 (N.D. Ohio Dec. 8, 2011); Burdine v. Covidien, Inc., No. 1:10-cv-194, 2011 WL 2976929, at *2-4 (E.D. Tenn. June 22, 2011); Seger v. BRG Realty, LLC, No. 1:10-cv-434, 2011 WL 2020722, at *3 (S.D. Ohio May 24, 2011). However, "[w]hile the required level of proof is minimal and lenient at the first stage, the court should exercise caution in granting conditional certification because the Sixth Circuit Appellate Court has held 'that a conditional order approving notice to prospective co-plaintiffs in a suit under 216(b) is not appealable.'" Snide v. Discount Drug Mart, Inc., No. 1:11-cv-244, 2011 WL 5434016, at *4 (N.D. Ohio Oct. 7, 2011)(quoting

>Albright v. Gen. Die Casters, Inc., 2010 WL 6121689, at
>*1 (N.D. Ohio July 14, 2010)).  Once an action is
>conditionally certified, notice is provided to the
>putative class members and discovery proceeds.

O'Neal v. Emery Federal Credit Union, 2013 WL 4013167, *5 (S.D. Ohio Aug. 6, 2013).

In its motion to compel, the Hospital asserts several reasons for its need to depart from this typical approach and depose the plaintiffs at this early stage of the litigation.  For example, it contends that it should not be prevented "from discovering the basis for Plaintiffs' claims and testing Plaintiffs' argument that they are 'similarly situated' to each other and other employees."  In its reply, it contends that it is not prohibited "from pursuing either merits or class discovery simply because a motion for conditional certification was filed...."  It also asserts, in suggesting the applicability of a "rigorous analysis" standard, that "Plaintiffs ask this Court to ignore the merits of their Complaint and to decide whether conditional certification is proper without reference to the merits."

Plaintiffs challenge these reasons, pointing out that the conditional certification issue is fully briefed and neither party has suggested that further factual development must occur before the Court rules.  In light of this, Plaintiffs assert that, by seeking to depose them, the Hospital can only be seeking merits discovery, and such discovery is premature.

The Court agrees with Plaintiffs that there is no need for discovery related to any issues surrounding conditional certification because briefing on that issue is complete.  To the extent that the Hospital suggests that merits discovery is necessary in this case to address conditional certification, or that Plaintiffs should be required to meet the higher standard for conditional certification which applies in Rule 23 class

actions, it is mistaken. If that were the only reason asserted by the Hospital for seeking to depose the plaintiffs, the motion to compel would be denied.

However, the Hospital makes the argument - which can be made in any case - that it needs these depositions to discover the bases for Plaintiffs' claims. Consequently, the Court will address the issue of whether, in the absence of any order or agreement to the contrary, the Hospital is entitled either to depose Plaintiffs or conduct other merits discovery before a ruling on conditional certification is made.

Aside from the timing issue, the current situation is this: Plaintiffs have not been deposed and their depositions have been properly noticed pursuant to Rule 30. The general rule in this circumstance is that "'under the liberal discovery principles of the Federal Rules' a party is 'required to carry a heavy burden' to show why a properly-noticed deposition should not go forward." Libertarian Party of Ohio v. Husted, 302 F.R.D. 472, 475 (S.D. Ohio 2014), quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). Although difficult to do, a party may meet that burden in a number of different ways. For example, the party might show that the deposition has been noticed too early (before the Rule 26(f) conference) or too late (after the discovery cutoff date) or that the deponent falls into a category of witnesses who are easy targets for harassment, and for whom the burden of showing the appropriateness of the deposition may shift to the requesting party. Id.

None of these situations exist here nor is Plaintiffs' argument grounded in Rule 26(b) or Rule 26(c). Rather, their sole challenge to the depositions is that merits discovery at this stage is inconsistent with the typical approach in FLSA cases. Even within that framework, however, they do not argue that allowing the depositions to go forward at this stage will

-7-

result in inefficiency or that they will be prejudiced in some way.  In short, they have not demonstrated good cause as to why, even acknowledging the Hospital's atypical timing, these depositions should not go forward.  Denying the motion to compel absent a specific and persuasive showing of good cause would cut against the fact that, under Rule 30(a), "[a] party may ... depose any person, including a party, without leave of court...."

Beyond this, while the Hospital's choice to depose Plaintiffs at this point may be viewed as unusually aggressive, there is no question that it will be entitled to depose Plaintiffs at some point regardless of whether a conditional or a Rule 23 class is certified.  Faced with a similar situation, the court in  Allen v. Mill-Tel, Inc., 283 F.R.D. 631, 634 (D. Kan. 2012), explained:

> In the absence of more guidance from the parties, the court is inclined to allow what appears to be merits discovery when it is likely plaintiffs would be entitled to the information at some point and when the discovery request is not subject to a supported objection.  Even if this case is not certified, the named plaintiffs' claims will remain, and those plaintiffs would be entitled to discovery regarding defendant's compensation policies and practices and the like – information tending to support or negate the claims or defenses.

This is the scenario presented here, and the Court finds this reasoning persuasive.  Even if the motion for conditional certification is denied, Plaintiffs' claims will remain and the Hospital will be entitled to depose them.  Stated another way, "whether a motion for conditional certification is granted or denied, the case proceeds with discovery."  White v. MPW Industrial Services, Inc., 236 F.R.D. 363, 368 (E.D. Tenn. 2006).

In reaching this conclusion, however, the Court is mindful of Plaintiffs' position that this is not the normal procedure for FLSA cases in this Court.  Consequently, this order applies only

to the specific circumstances presented here - that is, bifurcation or phasing of discovery has not been ordered, the parties have not been able to reach an agreement regarding the timing of discovery, and good cause for denying the motion to compel has not been demonstrated. This order is not intended to endorse a departure from the typical approach followed in FLSA cases before the Court, which may well serve the interests of judicial economy by, for example, permitting the parties to discuss settlement if conditional certification is ordered before engaging in expensive merits-based discovery occurs. Perhaps that is why many defendants do not insist on merits discovery at the early stages of FLSA cases.

### IV.

For these reasons, the motion to compel (Doc. 21) is granted to the extent it seeks to depose the plaintiffs and denied to the extent it seeks an award of fees and costs. The motion for leave to file a sur-reply (Doc. 30) is granted. Plaintiffs shall provide dates for their depositions within fourteen days of the date of this order. Plaintiffs' emergency motion for a protective order, cease and desist order, corrective actions, and the immediate granting of plaintiffs' motion for issuance of notice (Doc. 20) is denied to the extent that it seeks a protective order prohibiting the depositions.

### Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days

thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge