**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LYNNETT MYERS, et. al,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:15-cv-2956** |
| **MEMORIAL HEALTH SYSTEM** | **Judge Algenon L. Marbley** |
| **MARIETTA MEMORIAL HOSPITAL,** | **Magistrate Judge Terrence P. Kemp** |
| **Defendant.** | |

**PLAINTIFFS' REPLY IN SUPPORT OF (1) OBJECTION AND MOTION FOR
RECONSIDERATION; AND (2) MOTION TO STAY**

Defendant responds to Plaintiffs' Objection and Motion for Reconsideration (ECF No. 36) with hyperbole and conjecture. Ultimately, Defendant provides little meaningful discussion for this Court to consider in making a decision. [1] For the reasons that follow, the Court should **Grant** Plaintiffs' Motion to Stay (ECF No. 37), and Objection and Motion for Reconsideration (ECF No. 36); **Overrule** the Magistrate Judge's Order (ECF No. 35); and **Deny** Defendant's Motion to Compel.

**I.**

**A.    Standard of Review for Objection and Reconsideration of Magistrate Judge's Order**

Defendant misunderstands the exact nature of Plaintiffs' Motion and the applicable standard of review. Thus, Plaintiffs find it necessary to discuss, in some detail, the appropriate standard of review before moving to the issues at hand.

---

[1] According to Defendant, Plaintiffs seem to be always armed with something—indeed, something akin to bringing a knife to a gun fight, or showing up at a party in nothing but under garments. "Armed with nothing more than their conclusory affidavits . . .." (ECF No. 21 at 7.) "Armed with nothing more than an unfounded belief that there is 'an inherent risk of being coercive, deceptive, and misleading . . ..'" (ECF No. 22 at 1.) "Armed with noting more that dissatisfaction with the Court's Memorandum . . .." (ECF No. 28 at 4.) "Armed with nothing more than dissatisfaction about the outcome . . .." (ECF No. 39 at 1.) This type of argument does little, if anything, to advance Defendant's position.

Plaintiffs' Motion is not a traditional motion for reconsideration where a party asks the court to reconsider its own opinion. Plaintiffs Motion asks the District Court to review a decision issued by the Magistrate Judge regarding a pretrial matter. As Plaintiffs stated in their original Motion, pursuant to 28 U.S.C. § 636, a magistrate judge may hear and determine certain pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A). Upon timely objection, the district judge may reconsider any such matter. Fed. R. Civ. P. 72(a).

In reviewing an order issued by a magistrate judge on nondispositive matters, a district judge must "modify or set aside any portion of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard applies to a magistrate judge's findings of fact and the contrary to law standard to his conclusions of law." *Wagner v. Circle W Mastiffs*, 2014 U.S. Dist. LEXIS 43568 (S.D. Ohio Mar. 31, 2014) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

Under the contrary to law standard, the district court reviews the legal conclusions de novo. *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. Mar. 1, 2010) ("there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard."). A district court's review under the "contrary to law" standard is "plenary, . . . and it 'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Gandee*, 785 F. Supp. at 686 (citations omitted). "If on review, the court determines that the evidence does not support the factual determination, or that the magistrate judge's construction of the evidence is not reasonable, the finding is clearly erroneous." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 2013 U.S. Dist. LEXIS 34943, *11, 2013 WL 992125 (S.D. Ohio Mar.

2

13, 2013) (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985)).

Defendant wrongly cites Rule 59(e) of the Federal Rules of Civil Procedure to establish when reconsideration is appropriate. But, Plaintiffs moved pursuant to Rule 72 of the Federal Rules of Civil Procedure because the Motion asks the Court to reconsider the Magistrate Judge's Order (ECF No. 35). Under both Rule 59(e) and Rule 72, a party can succeed at reconsideration by establishing the prior decision was clearly erroneous. But the contrary to law standard of review only applies to Rule 72 Motions. As such, Defendant only discusses whether the decision was clearly erroneous. Defendant therefore applies the wrong standard of review to most of Plaintiffs' Motion.

Moreover, Defendant's application of the clearly erroneous standard is fundamentally flawed. Defendant asserts that Plaintiff must marshal new evidence authority to establish the Order was clearly erroneous. (ECF No. 39 at 1.) Defendant repeats this argument throughout its response. But, the clearly erroneous standard **does not require new evidence or intervening authority.** A finding is clearly erroneous when the "evidence does not support the factual determination, or that the magistrate judge's construction of the evidence is not reasonable." *Inhalation Plastics, Inc.*, 2013 U.S. Dist. LEXIS 34943, *11.

Defendant's application of an improper and flawed standard of review makes it somewhat challenging to directly respond to Defendant's positions. Yet, it is under these circumstances, that Plaintiffs must proceed to the issues at hand.

**B.    The Magistrate Judge's Order is Contrary to Law**

Defendant contends, using its flawed clearly erroneous standard,[2] that Plaintiffs fail to meet their burden for reconsideration. But, Plaintiffs argued that the Magistrate Judge's Order is "contrary to law." (ECF No. 36 at 2; "The Order granting Defendant's motion to compel is contrary to law.") The contrary to law standard applies to the Magistrate Judge's legal conclusion that merits discovery can proceed at the initial notice stage of an FLSA collective action. And, this conclusion is contrary to law because it contradicts and ignores the applicable case law precedent.

The case law is clear. In the Sixth Circuit, district courts "typically bifurcate[] discovery in FLSA collective actions." *Burdine v. Covidien, Inc.*, 2011 U.S. Dist. LEXIS 14648, *3 (E.D. Tenn. Feb. 11, 2011) (citing *Comer v. Wal-Mart Stores*, 454 F.3d 544 (6th Cir. 2006)). The Sixth Circuit provided the following discussion in *Comer*:

> The district court's order bifurcating discovery was consistent with the approach typically used by courts in suits filed under 29 U.S.C. § 216(b). The first question such courts have generally asked has been whether proposed co-plaintiffs are, in fact, "similarly situated" for the purposes of the statute's requirements. They have used a two-phase inquiry to address this question. The first takes place at the beginning of discovery. The second occurs after "all of the opt-in forms have been received and discovery has concluded." *Goldman v. RadioShack Corp.*, 2003 U.S. Dist. LEXIS 7611, 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003); *see also Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000) (and cases cited therein).

*Id.* at 546. Moreover, this Court has stated the following: "First, at the 'initial notice' stage, **before discovery has occurred**, the Court 'determine[s] whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members.'"

---

[2] Oddly enough, Defendant block quotes good law for the clearly erroneous standard, citing *Shivers v. Grubbs*, 747 F. Supp. 434, 435 (S.D. Ohio 1990). Nowhere in that quotation does the court discuss a requirement for new evidence or intervening authority. For some reason, however, Defendant continuously asserts Plaintiffs need to provide new evidence or intervening authority to establish a decision was clearly erroneous. This is simply wrong.

*Struck v. PNC Bank N.A.*, 2013 U.S. Dist. LEXIS 19444, *9, 2013 WL 571849 (S.D. Ohio Feb. 13, 2013) (Judge Marbley); *see also Berger v. Cleveland Clinic Found.*, 2007 U.S. Dist. LEXIS 76593, *58-59 (N.D. Ohio Sept. 29, 2007) ("Courts use a 'two-phase inquiry' to determine whether to certify a collective action under the FLSA. **Prior to discovery**, in what is called the 'notice' phase, the plaintiff's burden is 'fairly lenient.'") (emphasis added).

Indeed, the Magistrate Judge even indicated that the Order is contrary to law, stating, "the Court is mindful of Plaintiffs' position that this is not the normal procedure." (ECF No. 35 at 9.) The Magistrate Judge specified, "[t]his order is not intended to endorse a departure from the typical approach followed in FLSA cases." (*Id.*) But, the Order did just that. In FLSA collective actions, merits discovery should not commence until after the notice state *i.e.*, after potential Class Members have had an opportunity to opt-in to the case. Thus, the Magistrate Judge's decision to not bifurcate discovery is contrary law. Moreover, Plaintiffs succeed even if the clearly erroneous standard applied to this part of the Order. This Court can come to only one conclusion—the Magistrate Judge's construction of the evidence is not reasonable and therefore clearly erroneous.

Defendant asserts that "Plaintiffs state, without any supporting authority, that the Sixth Circuit does not permit merits discovery prior to conditional certification." (ECF No. 39 at 3.) But, as the Court can see, the case law *supra* supports Plaintiffs' exact position.

Defendant also contends that it "squarely confronted the same argument in the earlier briefing." (ECF No. 39 at 4.) But, Defendant has never provided any reason why the typical bifurcation procedure does not apply to this case. Defendant posits no theory that this case is a unique or special FLSA action deserving atypical treatment. Defendant does not even discuss *Comer*. Indeed, Defendant's argument ignores the complex procedural nature of FLSA collective

actions altogether. Defendant suggests that this Court should handle this case like a simple case involving limited and known parties. Simply put, it should not.

For the reasons stated above, the Magistrate Judge's Order is contrary to law. Therefore, this Court should overrule the Magistrate Judge's Order. The Court should handle this FLSA case like its sister district courts throughout the Circuit and bifurcate discovery. The remedy is appropriate because Plaintiffs requested that the Court bifurcate discovery in their Emergency Motion (ECF No. 20) after Defendant unilaterally noticed depositions in this case.

**C.    The Magistrate Judge's Factual Determination that Good Cause Has Not Been Demonstrated Is Clearly Erroneous and Not Supported by the Evidence**

In the Order (ECF No. 35), the Magistrate Judge's primary reason for compelling discovery was that "good cause for denying the motion to compel ha[d] not been demonstrated." This factual finding is clearly erroneous.

Defendant wrongly states that "Plaintiffs concede they did not previously argue that they would be harmed or suffer unfair prejudice should depositions proceed." (ECF No. 39 at 5.) This is not true. "Plaintiffs agree that they may not have fully articulated the harm related to allowing discovery to proceed." (ECF No. 37 at 3.) But, Plaintiffs did make a good cause argument.[3]

For instance, Plaintiffs argued in response to Defendant's motion to compel that, "Defendant seeks to bypass the initial stage of collective action litigation through its aggressive discovery tactics." (ECF No. 26 at 1.) The term aggressive signifies that Plaintiffs find the

---

[3] In reality, Plaintiffs had no reason to know they should have focused their argument on good cause or prejudice. Nothing in Sixth Circuit case law suggests that a party must demonstrate good cause before the court applies the typical process of bifurcating discovery in FLSA collective actions. Indeed, using the word "typical" suggests that good cause would be required to impose an atypical procedure, such as the one Defendant requests. And, as the Magistrate Judge properly pointed out—Defendant has no good cause.

6

Defendant's actions harmful, intrusive, and destructive. Thus, Plaintiffs argument did demonstrate good cause.

Furthermore, Plaintiffs demonstrated good cause throughout the pleadings. Plaintiffs first opposed the merits depositions in their Emergency Motion. (ECF No. 20 at 9.) In that motion, Plaintiffs called Defendant's request for merits discovery "overreaching," indicating it would be prejudicial. Plaintiffs further argued that they would be prejudiced, stating, "[t]he Court should not allow defendant to circumvent settled collective action procedure; especially when Plaintiffs have had no opportunity whatsoever to even discover potential class members, let alone speak to them." (ECF No. 20 at 9.) Additionally, when opposing depositions, Plaintiffs referred the Court to their Reply in Support of Conditional Certification. (*Id.*)

In Plaintiffs' Reply in Support of Conditional Certification, Plaintiffs clearly discuss good cause and prejudice. Plaintiffs state the following:

> The Court should not allow Defendants to bypass the inherent safeguards in the initial stage of collective action litigation. The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981).

(ECF No. 19 at 9-10.)

Plaintiffs have also elaborated on their good cause arguments in their Objection and Motion for Reconsideration (ECF No. 36), and Motion to Stay (ECF No. 37). For example, Plaintiffs cite the following legal article, Molly Elkin, Greg McGillivary, & Catherine Ruckelshaus, *Wage/Hour Jeopardy: Discovery and Proof Issues in Fair Labor Standards Act Cases*, American Bar Association Labor and Employment Law Conference (2009), to establish the serious issues that arise when courts do not bifurcate discovery in FLSA collective actions.

The evidence above simply does not support the Magistrate Judge's finding the Plaintiff did not make any good cause arguments. Plaintiffs have argued and demonstrated good cause for

bifurcating discovery and adhering to the typical two stage certification process. After reviewing the evidence, the Court can come to only one conclusion—the evidence does not support the factual determination, and therefore, the Magistrate Judge's finding is clearly erroneous.

Moreover, the Magistrate Judge actually acknowledges that Plaintiffs have good cause for opposing premature merits discovery. In the Order, the Magistrate Judge explains that the two phase approach of bifurcating discovery "may well serve the interest of judicial economy by, for example, permitting the parties to discuss settlement if conditional certification is ordered before engaging in expensive merits-based discovery occurs." (ECF No. 35 at 9.) The Magistrate Judge merely faults Plaintiffs for not properly articulating good cause. This Court should not penalize Plaintiffs for not using these exact phrases to demonstrate good cause. It is important to remember that the FLSA is a humanitarian statute meant to protect the employee, not the employer. As the above demonstrates, good cause exists for bifurcating discovery. Therefore, the Court should order bifurcation of discovery, and prohibit Defendant from conducting merits discovery until after the notice stage of litigation.

## II.

The Court should stay merits discovery pending its decision on Plaintiffs' Objection and Motion for Reconsideration. For the reasons stated above, Plaintiffs have demonstrated a likelihood of success on their Objection and Motion for Reconsideration. Additionally, Plaintiffs have demonstrated prejudice. Defendant neglected to respond to this argument or address the article, calling it a "red herring."

Defendant does argue that it will be prejudiced "should they be prevented from discovering the basis of Plaintiffs claims . . .." (ECF No. 39 at 5.) And, "if there is merit to Plaintiffs' claims, Defendants should be afforded an opportunity to evaluate the facts and

expeditiously correct any deficiencies in their practice or policies." (ECF No. 39.) This argument lacks merit.

Defendant has had plenty of opportunity to discover the basis of Plaintiffs claims. For instance, the factual allegations in Plaintiffs' Complaint; and Plaintiffs' Motion for Conditional Certification and the Declarations contained therein provide the basis for Plaintiffs' claims. Moreover, Defendant has independently investigated Plaintiffs' claims. Defendant has reviewed its own policies, and discussed these policies with its Director of Human Resources Dan Weaver. If it wants, Defendant can discuss these policies further with its upper management. Defendant has also engaged in unilateral communications with potential Class Members and obtained 29 Declarations, which Plaintiffs deems improper, coercive, and misleading. When Plaintiffs filed an emergency motion to strike the Declarations and prevent Defendant from obtaining further Declarations, Defendant responded by continuing unilateral communications and gathered 19 additional Declarations (ECF No. 29).

With all this information at its hands, Defendant's argument begs the question—how much information is necessary to discover the basis of Plaintiffs claims and to evaluate whether policies or practices are deficient? If Defendant truly needs more information to discover and correct deficiencies, this could be evidence of a bigger problem. This may shine a light on why Defendant has failed to correct its actions in violation of the FLSA, and continuously deducts pay for lunch breaks that Class Members never take.

Moving to the issue of the public interest, Defendant wants this Court to believe that "the remedial nature of the FLSA has no bearing on whether discovery is proper under the Civil Rules." (ECF No. 39 at 5.) If Defendant sees no relevance in the remedial nature of the FLSA, then Defendant's eyes are sewn shut. The remedial nature of the FLSA has significance for all

parts of the litigation process. In this case, Plaintiffs seek justice for individuals on the front lines of our health care system. Potential Class Members help save lives every day. Plaintiffs seek to ensure that these hard working people get an honest day's pay for an honest day's work. The Court should be mindful of the purposes behind the FLSA, and take every reasonable step in order to protect the rights of potential Class Members. In FLSA cases the statute of limitations for Class Members does not toll; therefore, live claims die daily. The Court should not let Defendant further delay an opportunity to join this lawsuit by allowing it to conduct premature merits discovery at the notice stage of litigation. Class Members deserve the opportunity to opt-in to this lawsuit and enforce their rights.

For the reasons stated above, the Court should stay depositions pending a decision on Plaintiffs' Objection and Motion for Reconsideration. A stay, in this instance, simply gives the Court an opportunity to weigh in on the issues. As of today, Plaintiffs have complied with the Magistrate Judge's order and depositions are set for August 23, 2016 through August 26, 2016. Plaintiffs will suffer significant prejudice if this Court allows depositions to proceed and does not bifurcate discovery. With the deposition dates approaching quickly, the Court should issue a stay until it makes a decision regarding reconsideration.

### III.

For the reasons stated above, the Court should **Grant** Plaintiffs' Motion to Stay (ECF No. 37) and Objection and Motion for Reconsideration (ECF No. 36); **Overrule** the Magistrate Judge's Order (ECF No. 35), and **Deny** Defendant's Motion to Compel. The Court should **Order** discovery bifurcated.

Respectfully submitted,

/s/ Steven C. Babin, Jr.

Steven C. Babin, Jr.     (0093584)
Lance Chapin        (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:    614.221.9100
Facsimile:    614.221.9272
E-mail:  sbabin@chapinlegal.com

Attorneys for Plaintiffs
Lynnett Myers, *et al.*

## Certificate of Service

I hereby certify that on this the 25th day of July, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will send a notice of this electronic filing to the following:

James E. Davidson
James.davidson@icemiller.com
Ice Miller
250 West Street
Columbus, OH 43215
Telephone: 614.462.2700
Facsimile: 614.462.5135
Counsel for Defendant

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.     (0093584)
Chapin Legal Group, LLC

Attorney for Plaintiffs Lynnett Myers, *et al.*

11