IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lynnett Myers, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:15-cv-2956 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| Memorial Health System | : | Magistrate Judge Terence P. Kemp |
| Marietta Memorial Hospital, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY IN OPPOSITION TO
PLAINTIFFS' REQUEST FOR A PRELIMINARY INJUNCTION**

**I.   INTRODUCTION**

The single issue before the Court is whether it can restrict the Hospital's communications with current employees, not which party will ultimately prevail on the merits of the pay claims. Under Fed.R.Civ. 65, Plaintiffs must establish a likelihood of success on the communication issue, which they cannot do.  The Hospital's past interviews of three non-parties were lawful, and thus, cannot serve as evidence justifying a bar against future communications with its current and past employees.  As such, this Court should deny Plaintiffs' unusual request to improperly prevent all future communications between the Hospital and its employees about the lawsuits.

**II.   LAW AND ARGUMENT**

Plaintiffs must demonstrate that they have a likelihood of success at preventing future communications between the Hospital and parties.  The ultimate issue of whether Plaintiffs were properly paid, to which Plaintiffs devote the majority of their brief, is not relevant to whether Plaintiffs can meet the stringent First Amendment standard to chill and limit speech.  In their

papers, Plaintiffs gloss over the controlling First Amendment standards applicable to prior restraints on speech.

In order to establish a substantial likelihood of success on the merits of Plaintiffs' request to restrain all future speech, Plaintiffs must establish "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *See Gulf Oil Co. v. Bernard*, 452 U.S. at 101-02 (1981).  Nor may a court impose "serious restraints on expression" where the restraint is not justified by a likelihood of serious abuses.  *See Id.* at 104.

The key inquiry is whether "the communications were misleading, coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the suit." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 871 (S.D. Ohio 2011) citing *Belt v. Emcare Inc.*, 299 F.Supp.2d 664, 667–668 (E.D.Tex.2003).   The answer here is no, and thus, there is no basis to limit future communications.

        **1.**        **Plaintiffs' 'Evidence' of Improper Communications is Non-Existent.**

Plaintiffs provide a laundry list of alleged improper communications, none of which are misleading, coercive or improper attempts to discourage class participation.  First, Plaintiffs complain that the Hospital retaliated against Myers and Butler by contacting their new employer, Jackson Nursing, which subsequently revoked their offers of employment.  Plaintiffs conveniently omit the salient fact that the Hospital has a non-competition and non-solicitation agreement with Jackson Nursing which prevents Jackson Nursing from hiring any of the Hospital's former nurses.  Moreover, Myers and Butler had already opted-in to the lawsuit, and subsequently, have sought to be class representatives.

Plaintiffs also complain about interviews the Hospital conducted prior to conditional certification.  First, despite Plaintiff complaints at the time, this Court never held that the

2

Hospital's communications were improper. The Hospital did nothing more than follow well established principles in investigating Plaintiffs' claims.

Next, Plaintiffs state that four former employees – Mary Clegg, Melinda Johnson, Kim Weckbacher and Josh Booth – submitted affidavits about the atmosphere of fear at the Hospital. Importantly, none of these four have been employees at the Hospital for at least a couple of months, Johnson failed to appear for deposition [See the Hospital's Motion to Dismiss Melinda Johnson], and Booth was offered a flexible position that worked better for his schedule, but he declined it. Regardless, none of these four offer specific facts to support "an atmosphere of fear". These allegations are conclusory and are not based on admissible evidence. Accordingly, the statements are not probative of anything.

### 2. Opt-In Numbers are not 'Evidence' Sufficient to Restrict All Future Communications.

Plaintiffs argue that the opt-in numbers are evidence of an atmosphere of fear sufficient to limit all future communication with the Hospital's employees. Using Plaintiffs' numbers, which are that 25 current employees have opted-in to the lawsuit and 20 of those 25 remain employed, there is even less risk of irreparable injury. First, Plaintiffs have no evidence that the Hospital has communicated about the lawsuit with these 20 employees. Second, Plaintiffs have presented no evidence as to why approximately 89% of the putative class refused to participate in the lawsuit.

Moreover, supplemental notice to an additional group of employees is not relevant to this dispute. The parties had an honest disagreement as to which job titles should be included as "direct patient care." After briefing the issue, this Court issued a decision on January 12, 2017, requiring the parties to confer and attempt to reach an agreement on which job titles should be

3

included.  Thereafter, the parties reached a mutual agreement about the scope of the additional notice.

Plaintiffs do not argue, nor could they, that the Hospital has communicated with any of this new group of notice recipients about the lawsuit.  Rather, Plaintiffs argue that the Hospital's limited communications with three employees, who have already refused to participate in the lawsuit, who work in different units, at different times, on different days than most or all of the new class, will impact the new putative class members.  Plaintiffs' theory is not supported by evidence or the record, and certainly does not rise to the "good cause" necessary to restrict a party's First Amendment speech.  *Nix v. Sword*, No. 00–3033, 2001 WL 599707, 500 (6th Cir. May 24, 2001) (holding that plaintiffs bear the heavy burden of establishing "good cause" for an order prohibiting free speech); *Tolmasoff v. GM, LLC*, No. 16-11747, 2016 WL 3548219, at *10 (E.D. Mich. June 30, 2016) (confirming that the movant bears the burden of demonstrating that the actual or anticipated communications "are or will be abusive in that they threaten the proper functioning of the litigation.").

### 3. The Hospital Is Entitled to Investigate, Discover and Defend Lawsuits.

Taking Plaintiffs' position to its logical conclusion, the Hospital is unable to investigate or defend itself in at least two lawsuits.  Plaintiffs offer no legal authority for the extraordinary proposition that they are permitted to preclude Defendants from identifying additional witnesses and developing a record of compliance with federal law. Plaintiffs have been provided identifying information for over one thousand employees. They are free to contact these persons, and because of the certification of the opt-in class, they have the benefit of a court approved notice to putative class members. Absent genuine evidence of coercion, there is no case or legal principle that prevents Defendants from defending their interests through routine investigation of

the facts. Plaintiffs' efforts to chill that investigation violate the First Amendment and fundamental principles of fairness.

### 4. From the Beginning, Plaintiffs Have Employed a Strategy to Defeat All Discovery.

As the record clearly and consistently shows, Plaintiffs' strategy is to defeat any and all discovery rather than permit a full inquiry and robust record for the Court's consideration. Plaintiffs' record of obstruction is compelling.

- Plaintiffs first refused to produce the named plaintiffs for depositions, but this Court agreed with the Hospital and ordered their depositions;

- After this Court ordered depositions, it took Plaintiffs four months to produce two of the named plaintiffs;

- Plaintiffs have still not produced Melinda Johnson for deposition, which Plaintiffs avoided and sought a protective order;

- Plaintiffs rejected the Hospital's request to conduct discovery prior to responding to the motion for class certification, but this Court agreed with the Hospital and permitted additional discovery;

- Plaintiffs argued that the Hospital should not be able to investigate the Complaint or Motion for Conditional Certification, but this Court implicitly agreed with the Hospital and did not order the Hospital to cease its initial interviews or investigation.

Plaintiffs' latest request for a preliminary injunction now seeks to prevent routine informal discovery. The Hospital has a fundamental right to investigate Plaintiffs' claims and to vigorously defend itself. Plaintiffs' tactics are improper, and this Court should not reward their pattern of interference in discovery.

5

**III.     CONCLUSION**

Without evidence or the requisite good cause, Plaintiffs seek to prevent the Hospital from communicating with its employees and investigating facts that relate to two pending lawsuits. Unable to establish that the Hospital's three interviews were coercive, misleading or impacted the progress of this litigation in any way, Plaintiffs cannot meet the stringent standard required to prevent future communications, investigation and preparation.  Plaintiffs have consistently attempted to sabotage the Hospital's legitimate efforts to interview witnesses and defend itself, and are now preventing typical informal discovery.  Therefore,  Plaintiffs' Motion must be denied.

Respectfully submitted,

By:  ICE MILLER, LLP

Dated:  March 22, 2017

/s/ James E. Davidson
James E. Davidson, Trial Attorney (0024534)
James.Davidson@icemiller.com
Catherine L. Strauss (0072980)
Catherine.Strauss@icemiller.com
250 West Street
Columbus, OH 43215
Telephone: 614.462.2700
Facsimile: 614.462.5135

CO\5526063.2

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of March, 2017, a copy of the foregoing was filed electronically via the Court's CM/ECF system and will be served on the following via the Court's electronic notification system:

Lance Chapin, Esq.
Steven Babin, Esq.
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio 43215
614.221.9100
lchapin@chapinlegal.com

Attorney for Plaintiff


       /s/ James E. Davidson

CO\5526063.2