# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LYNNETT MYERS,** *et al.***,**

      **Plaintiffs,**

                                  Civil Action 2:15-cv-2956
                                  Judge Algenon L. Marbley
     v.                                Magistrate Judge Chelsey M. Vascura

**MARIETTA MEMORIAL HOSPITAL,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

On October 7, 2016, Melinda Johnson signed her consent to participate as a plaintiff in this collective Fair Labor Standards Act ("FLSA") action. Since that time, Defendants have been unable to depose Ms. Johnson, despite having made attempts and obtaining an order from this Court in January 2017 directing that Ms. Johnson's deposition be completed on or before February 16, 2017. (*See* ECF No. 92). This matter is before the Court to consider Defendants' Motion to Dismiss Melinda Johnson as a Plaintiff. (ECF No. 108).

Plaintiffs' counsel, who represent Ms. Johnson pursuant to her written consent when she opted to join the collective FLSA action, make clear in their response to Defendants' motion that they have had difficulty maintaining contact with Ms. Johnson. Indeed, the record does not demonstrate definitively that Ms. Johnson has been aware of Defendants' attempts to depose her or of this Court's January 25, 2017 Order. In any event, Defendants' most recent documented attempt was on March 2, 2017, when they scheduled the depositions of Ms. Johnson and another opt-in plaintiff. Plaintiffs' counsel informed Defendants' counsel in advance of March 2 that they had not been able to make contact with Ms. Johnson to ensure that she would attend the deposition. Defendants' counsel went forward with the other deposition on March 2 and then filed their

motion to dismiss Ms. Johnson as a plaintiff as a sanction for her failure to appear. Defendants did not request alternative sanctions to dismissal.

Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure permits a court to impose sanctions for a party's failure to appear at her properly noticed deposition. Rule 37(b)(2)(A) permits a court to impose sanctions when a party "fails to obey an order or to provide or permit discovery." Permissible sanctions include dismissal. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(3). When a court determines that a party has failed to obey a discovery order or to appear at her properly noticed deposition, four considerations govern its decision whether dismissal is an appropriate sanction. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997). Those factors include (1) whether the party against whom the sanction is sought has acted willfully, in bad faith, or with fault; (2) whether the movant was prejudiced; (3) whether the party against whom the sanction is sought was warned that dismissal could follow a failure to cooperate; (4) and whether less a drastic sanction is considered. *Kafele v. Javitch, Block, Eisen & Rathbone*, 232 F.R.D. 286, 289 (S.D. Ohio 2005). "Dismissal is the sanction of last resort." *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

None of the four factors set out above clearly favors dismissal in this situation. Defendants have not demonstrated even the possibility that Ms. Johnson acted willfully or in bad faith in failing to attend the March 2 deposition. As the Court has noted, the record related to these events does not demonstrate definitively that Ms. Johnson was even aware that the deposition had been scheduled or that this Court had ordered that it go forward. Plaintiffs' counsel advised Defendants' counsel that they had been unable to make contact with Ms. Johnson in advance of the deposition. That record does not support a finding of bad faith or fault on Ms.

2

Johnson's part.

Defendants argue that they were prejudiced by Ms. Johnson's failure, but the Court is not persuaded. Defendants were certainly inconvenienced by having to prepare for the deposition, although they have not indicated the manner in which their preparation would have differed had they known that they would take only one deposition on Mach 2. In any event, inconvenience is not *per se* prejudice. *See, e.g., Johnson v. Muskingum Cty. Sheriff's Dep't*, No. 2:13-cv-0025, 2013 WL 6504692, at *3 (S.D. Ohio Dec. 11, 2013). The Court is persuaded that any minor prejudice Defendants may have suffered is remediable and insufficient to support a sanction of dismissal.

The third and fourth factors weigh strongly against dismissal. Ms. Johnson has had no contact with the Court in this case. The Court has not warned her about possible sanctions for failing to appear at her deposition or otherwise cooperate in discovery. The record does not suggest that Plaintiffs' counsel has communicated with Ms. Johnson about the possibility of any sanction, let alone the sanction of dismissal. Dismissal under these circumstances is unwarranted. *See Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).

For those reasons, Defendants' Motion to Dismiss Melinda Johnson as a Plaintiff (ECF No. 108) is hereby **DENIED**. The Court **ADVISES** Ms. Johnson that it will entertain a second motion to dismiss her as a plaintiff in this action in the event that she is selected for representative discovery in this matter and fails to cooperate. The Court **DIRECTS** Plaintiffs' counsel to provide a copy of this Order to Ms. Johnson and to file proof, in the form of an email reply or certified mail return, that Ms. Johnson has received it.

**IT IS SO ORDERED**.

                                       /s/ *Chelsey M. Vascura*
                                       CHELSEY M. VASCURA
                                       UNITED STATES MAGISTRATE JUDGE