IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LYNNETT MYERS, *et al.*, | : | |
| | : | Case No. 2:15-CV-2956 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| MARIETTA MEMORIAL HOSPITAL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Defendants' Motion to Decertify the Conditional Class (ECF No. 132) ("Motion to Decertify") and Plaintiffs' Motion to Stay or Deny without Prejudice as Premature Defendants' Motion for Decertification (ECF No. 152) ("Motion to Stay or Deny Decertification"). For the reasons set forth below, Plaintiffs' Motion to Stay or Deny Decertification is **GRANTED** and Defendants' Motion to Decertify is **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

#### A. Factual Background

Plaintiffs Lynnett Myers, Carol Butler, and Arva Lowther are former nurses at Defendant Marietta Memorial Hospital, which is operated by Memorial Health System. (ECF No. 146). Memorial Health System also operates Defendants Selby General Hospital and Marietta Health Care, Inc., and all of these entities function as joint employers of Memorial Health System's employees and operate as a single integrated system. (*See id.* ¶¶ 13–15). Plaintiffs allege that Defendants' policy of automatically deducting thirty minutes for a meal break for nurses and patient care technicians violates the Fair Labor Standards Act ("FLSA") and Ohio

1

wage laws because employees are routinely prohibited from either taking an uninterrupted meal break or canceling the automatic deduction.

### B. Procedural History

Plaintiffs commenced this collective and class action against Defendants Marietta Memorial Hospital, Marietta Health Care, Inc., and Selby General Hospital in October 2015. (ECF No. 1). They bring causes of action under the FLSA and related Ohio laws. (*See* ECF No. 146).

In August 2016, this Court certified conditionally the following class under the FLSA:

> All of Defendants' current and former hourly employees who were responsible for direct patient care and were subject to Defendants' automatic meal deduction policy at any time during the three years prior to the granting of [the motion for conditional certification] to the present.

(ECF No. 42 at 20). After this case was conditionally certified as a collective action, Plaintiffs filed a motion for a temporary restraining order, alleging that Defendants "coerced, intimidated and harassed" absent class members and created an "atmosphere of fear" such that class members were afraid to opt in to the lawsuit. (ECF No. 97 at 2). The Court granted Plaintiffs' motion, and granted in part their subsequent motion for a preliminary injunction. (ECF Nos. 101, 112, 136). In granting Plaintiffs' motion for a preliminary injunction, the Court re-opened the opt-in period for the class of nearly 2,000 individuals through May 1, 2017, and permitted Plaintiffs to reissue the previously approved notice to the entire class. (*See* ECF No. 136 at 14).

In November of 2016, Plaintiffs moved to certify under Federal Rule of Civil Procedure 23 a subclass of the class previously conditionally certified by the Court. (ECF No. 74). Defendants filed their opposition to the motion to certify a Rule 23 class on April 18, 2017. (ECF No. 130). On the same day, Defendants filed the instant motion to decertify the

2

conditional class. (ECF No. 132). In May of 2017, in lieu of responding to Defendants' motion on the merits, Plaintiffs filed the instant motion to stay or deny without prejudice Defendants' motion to decertify the class. (ECF No. 152). Both sides have since filed motions for summary judgment. (ECF Nos. 164, 176). On September 11, 2017, this Court granted Plaintiffs' motion to certify a class under Rule 23, and certified the following class:

> All of Defendant[s'] current and former Nurses and Patient Care Technicians who were hourly employees and subject to Defendant[s'] automatic meal deduction policy during the three years before this Complaint was filed up to the present.

(ECF No. 171 at 1-2).

On September 27, 2017, Plaintiffs filed a motion to amend the definition of the Rule 23 class, which is currently pending before this Court. (ECF No. 180). In December of 2017, the Court stayed discovery pending the resolution of the motion to amend the class definition. (ECF No. 195). In January of 2018, the Court set oral argument on the pending motions for summary judgment (ECF No. 205). Defendants requested a continuance, arguing that because they have had no opportunity to conduct merits discovery on the current class members, they are unable to develop fully their arguments in opposition to Plaintiffs' summary judgment motion. (ECF No. 206). Defendants further asked the Court to defer any ruling on their own motion for summary judgment until the record is complete and class members are finalized. (*Id.*). This Court granted Defendants' motion to continue oral argument and dismissed Defendants' motion for summary judgment without prejudice. (ECF No. 210).

## II. LEGAL STANDARD

The FLSA provides that a court may certify a collective action brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). When a plaintiff brings an action under FLSA, "[s]imilarly

3

situated persons are permitted to opt in to the suit." *Hicks v. Ampacet Ohio, LLC*, No. 2:16-CV-182, 2017 WL 1215423, at *5 (S.D. Ohio Mar. 31, 2017) (internal citations omitted). The FLSA does not define "similarly situated" and neither has the Sixth Circuit. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Factors considered in determining whether plaintiffs are similarly situated include "the factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action." *Id.* (internal citations omitted). Plaintiffs bear the burden of showing that class members are similarly situated, and the burden is lower than the burden required for class certification under Federal Rule of Civil Procedure 23. *Id.* at 584-85.

Courts use a two-phase inquiry to determine whether proposed opt-in plaintiffs are similarly situated. *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The initial phase occurs at the beginning of discovery, and courts apply a fairly lenient standard to determine whether there are plausible grounds for plaintiffs' claims. *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1069 (S.D. Ohio 2016). The second stage occurs following discovery, and courts "examine more closely the question of whether particular members of the case are, in fact, similarly situated." *Comer*, 454 F.3d at 547. The second stage "warrants a stricter standard than the conditional certification stage because it occurs near the end of discovery." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012) (internal citations omitted). At the second stage, "the defendant may move to decertify the conditionally certified class if appropriate based on the individualized nature of the plaintiff's claims." *Hicks*,

2017 WL 1215423, at *6 (internal citations omitted); *see also Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011).

## II. ANALYSIS

As stated above, defendants can file a motion to decertify at second stage of the similarly situated analysis. This typically occurs after all opt-in forms have been received and discovery is substantially complete. *See Comer*, 454 F.3d at 546 ("The second [stage] occurs after all of the opt-in forms have been received and discovery has concluded.") (internal citations omitted); *Hicks*, 2017 WL 1215423, at *6 ("[A]t the second phase of the proceedings, after discovery is completed and the opt-in forms have been submitted, the Court will more closely examine whether the putative plaintiffs are similarly situated") (internal citations omitted); *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) ("Once discovery has concluded, the district court—with more information on which to base its decision and thus under a more exacting standard—looks more closely at whether the members of the class are similarly situated."); *see also Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007) ("[T]he second stage . . . is typically precipitated by a motion for decertification . . . usually filed after discovery is largely complete and the matter is ready for trial"). When a motion for decertification is filed before discovery is complete, the "court has discretion to stay or deny the motion without prejudice in order to allow discovery to proceed." *Davenport v. Charter Communications, LLC*, No. 4:12-cv-00007, 2015 WL 164001, at *4 (ED Mo. Jan. 13, 2015); *see also Bradford v. CVS Pharmacy, Inc.*, No. 1:12-cv-1159, 2013 WL 5587350, at *5 (N.D. Ga. Oct. 10, 2013 (denying decertification motion as premature).

Given the procedural posture of this case, Defendants' Motion to Decertify is premature. It was filed before the opt-in period ended, and merits discovery is not yet complete. Indeed,

Defendants themselves recently acknowledged that they "have had no opportunity whatsoever to conduct merits discovery on the current class members." (ECF No. 206 at 2). Additional discovery will give the Court more information on which to base its decision under the exacting standard required for the second stage analysis. *See Monroe*, 860 F.3d at 397. Therefore, the Court **GRANTS** Plaintiffs' Motion to Stay or Deny Decertification, and **DENIES** Defendants' Motion to Decertify **WITHOUT PREJUDICE**. Defendants may refile such a motion upon completion of merits discovery.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion to Stay or Deny Decertification (ECF No.152) and **DENIES WIHOUT PREJUDICE** Defendants' Motion to Decertify (ECF No. 132).

**IT IS SO ORDERED.**

/s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: February 23, 2018**