IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LYNNETT MYERS,
  *individually and on behalf of*
  *all others similarly situated*,
32535 Ross Road
Portland, Ohio 45770

And

CAROL BUTLER,
  *individually and on behalf of*
  *all others similarly situated,*
188 Paulhurst Plaza
Parkersburg, West Virginia 26101

And

ARVA LOWTHER,
  *individually and on behalf of*
  *all others similarly situated*,
3460 Market Street
Stockport, Ohio 43787

       Plaintiffs,

    - vs -

MARIETTA AREA HEALTH CARE, INC.
*Dba MEMORIAL HEALTH* SYSTEM
  J. Scott Cantely
  401 Matthew Street
  Marietta, Ohio 45750

And

MARIETTA MEMORIAL HOSPITAL
By Serving Its Registered Agent
  Paul G. Westbrock
  401 Matthew Street
  Marietta, Ohio 45750

And

Case No. 2:15-cv-2956

Judge Algenon L. Marbley

Magistrate Judge Chelsey M. Vascura

**<u>AMENDED CLASS ACTION</u>**
**<u>COMPLAINT</u>**
**<u>WITH JURY DEMAND</u>**
**<u>ENDORSED HEREON</u>**

SELBY GENERAL HOSPITAL
By Serving Its Registered Agent
  Steve Smith
  110 Colegate Drive
  Marietta, Ohio 45750

J. SCOTT CANTLEY, Individually
By Serving Him at His Principal Place of Business
  401 Matthew Street
  Marietta, Ohio 45750

ERIC YOUNG, Individually
By Serving Him at His Principal Place of Business
  401 Matthew Street
  Marietta, Ohio 45750

        Defendants.

**COLLECTIVE ACTION COMPLAINT FOR
DECLARATORY JUDGMENT AND COMPENSATION
UNDER 29 U.S.C. §§ 201, *et. seq.*
AND
CLASS ACTION COMPLAINT
UNDER OHIO REVISED CODE CHAPTER 4111, *et seq.***

Plaintiffs, on behalf of themselves and all similarly situated individuals, bring this collective and class action against Defendants Marietta Area Health Care, Inc., Marietta Memorial Hospital, and Selby General Hospital (collectively "Memorial Health System"[1]); J. Scott Cantley; and Eric Young (collectively "Defendants") for monetary, declaratory, and injunctive relief due to their willful failure to compensate employees with proper pay in violation of the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01, *et seq.*, committed by intentionally failing to pay full and

---

[1] All of the named Defendants in this action are part of Memorial Health System. Marietta Area Health Care, Inc. does business as Memorial Health System. Selby General Hospital and Marietta Memorial Hospital operate under the Memorial Health System umbrella.

accurate full- and part-time, non-exempt employees for each hour worked in accordance with federal and Ohio law. In support of the claims stated above, Plaintiffs allege the following:

### INTRODUCTION

1.      This case implicates the longstanding policy of the Defendants, which fails to properly compensate non-exempt employees for work performed.

2.      Defendants are employers. As employers, Defendants are required to pay employees for all hours worked. While employers are not required to pay employees for meal periods if the meal period is *completely uninterrupted*, the employer must pay its employees for their time if their meal break is interrupted, less than thirty-minutes, or the employee performs work during the break. In this matter, Defendants automatically deducted 30 minutes from each shift worked by its employees, including shifts worked by Plaintiffs, regardless of whether the employees actually took the meal break or attempted to take a meal break, only to be interrupted due to the demands of the job.

3.      With respect to employees responsible for direct patient care (Class Members) Defendants instituted policies that created continuous interruptions during the majority of their meal breaks. As such, Defendants denied wages for on-duty meal periods under an illegal pay policy and practice. Under this policy, non-exempt employees involved in direct patient care were not free from work during meal periods and were denied pay for those on-duty meal periods.

4.      Defendants required and/or permitted Plaintiffs and other similarly situated employees responsible for direct patient care to work in excess of forty hours per

work week, but Defendants refused to compensate them for interrupted and/or missed meal breaks. This practice violates the Fair Labor Standards Act ("FLSA").

3.     With respect to the on-duty meal break violation, Plaintiffs Myers, Butler, and Lowther are similarly situated to the following class of employees:

> **All of Defendants' current and former hourly employees who were responsible for direct patient care and were subject to Defendants' automatic meal deduction policy during the three years before this Complaint was filed up to the present.**

Defendants willfully, deliberately, and voluntarily failed to pay Plaintiffs and Class Members for all hours worked including but not limited to those hours worked in excess of forty hours per week. Defendants violated the FLSA by willfully suffering or permitting Plaintiffs and Class Members to perform work and/or remain on duty during their meal breaks, but subjecting them to an automatic 30-minute meal break deduction.

4.     Defendants' conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiffs and the Class Members, be paid for all hours worked including but not limited to those hours worked in excess of forty hours per week at one and one half their regular rate of pay within a single week. *See* 29 U.S.C. § 207(a).

5.     Therefore, Plaintiffs file this action to recover on behalf of themselves and Class Members all unpaid wages and other damages owed to them under the FLSA, individually and as a 29 U.S.C. § 216(b) collective action, in order to remedy the extensive and sweeping violations of the wage and hour provisions which the Defendants have integrated into its time tracking and payroll policies and which have deprived Plaintiffs and Class Members of their lawfully-earned wages.

## PARTIES

### Plaintiffs

6.      Plaintiff, Lynnett Myers, is a citizen of the State of Ohio who was employed as a nurse by Defendants in Marietta, Ohio during the statutory period covered by this Complaint.

7.      Plaintiff, Carol Butler, is a citizen of the State of West Virginia who was employed as a nurse by Defendants in Marietta, Ohio during the statutory period covered by this Complaint.

8.      Plaintiff, Arva Lowther, is a citizen of the State of Ohio who was employed as a nurse by Defendants in Marietta, Ohio during the statutory period covered by this Complaint.

9.      Plaintiffs Lynnett Myers, Carol Butler, and Arva Lowther's "Consent to Sue" are attached to this Complaint as Exhibit A.

### Defendants

10.      Defendant Marietta Area Health Care, Inc. *dba* Memorial Health System is a non-profit corporation organized under the laws of the State of Ohio and has conducted business throughout the State of Ohio with a principal business located at 401 Matthew Street, Marietta, Ohio  45750.

11.      Defendant Marietta Memorial Hospital is a non-profit corporation organized under the laws of the State of Ohio and has conducted business throughout the State of Ohio with a principal business located at 401 Matthew Street, Marietta, Ohio 45750.

12.    Defendant Selby General Hospital is a non-profit corporation organized under the laws of the State of Ohio and has conducted business throughout the State of Ohio with a principal business located at 110 Colegate Drive, Marietta, Ohio 45750.

13.    Defendants Marietta Area Health Care, Inc. *dba* Memorial Health System, Marietta Memorial Hospital, and Selby General Hospital make up the Memorial Health System (hereinafter "Memorial Health System").

14.    Defendants Marietta Area Health Care, Inc. *dba* Memorial Health System, Marietta Memorial Hospital, and Selby General Hospital make up the Memorial Health System (hereinafter "Memorial Health System"). Defendant Memorial Health System is a non-profit corporation organized under the laws of the State of Ohio and has conducted business throughout the State of Ohio. "The Memorial Health System is a not-for-profit health system governed by a volunteer board of community members that are committed to providing comprehensive services that meet the needs of our region. [It is] comprised of a network of two hospitals and outpatient service sites." *About*, Memorial Health System, http://www.mhsystem.org/about (last visited April 1, 2016).

15.    Defendant, J. Scott Cantley, is an individual and Chief Executive Officer of Defendant Memorial Health System being sued in his individual capacity. On information and belief, Mr. Cantley acted as an employer, under the FLSA and OMFWSA, of Plaintiffs and putative Class Members. Mr. Cantley has served as CEO during the relevant statutory period. According to 990 tax filings, in 2015 Defendant Mr. Cantley was compensated at a rate of $836,499.00 with an estimated amount of other compensation reported as $50,748.00.

16.     Defendant, Eric Young, is an individual, Vice President, and Chief Financial Officer of Defendant Memorial Health System being sued in his individual capacity. On information and belief, Mr. Young acted as an employer, under the FLSA and OMFWSA, of Plaintiffs and putative Class Members. Mr. Young has served as CFO during the relevant statutory period. According to 990 tax filings, in 2015 Defendant Mr. Young was compensated at a rate of $432,489.00 with an estimated amount of other compensation reported as $50,356.00.

17.     As CEO of the Memorial Health System, Mr. Cantley directly or indirectly exercises substantial control over the terms and conditions of work performed by Plaintiffs and Class Members. Mr. Cantley is directly involved in the day to day operations of the Memorial Health System. Mr. Cantley has authority (and exercises his authority) to hire and fire Class Members; he controls the conditions of employment for all Memorial health employees; he determines rates and methods of pay; and he ensures the maintenance of employment records. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994); *Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962, 965 (6th Cir. 1991).

18.     As CFO of the Memorial Health System, Mr. Young directly or indirectly exercises substantial control over the terms and conditions of work performed by Plaintiffs and Class Members. Mr. Young is directly involved in the day to day operations of the Memorial Health System. Upon information and belief, Mr. Young has authority (and exercises his authority) to hire and fire Class Members; he controls the

conditions of employment for all Memorial health employees; he determines rates and methods of pay. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991).

19.     Each entity Defendant and individual Defendant is an employer as defined under the FLSA and jointly and individually employed Plaintiffs and Class Members in this action. Collectively Defendants are joint employers that jointly employ Class Members through horizontal joint employment and or vertical joint employment.

20.     As an integrated enterprise and or joint employer, Defendants are individually and jointly responsible for compliance with all applications of the FLSA.

21.     At all relevant times Defendants have operated as a single integrated system and or business enterprise—the Memorial Health System. Defendants make up a single business enterprise, performing related activities, with a common business purpose, and common ownership control. Defendants, as an enterprise, engage in interstate commerce and have gross receipts exceed $500,000 per year during the relevant statutory period. As an enterprise, Defendants apply the same illegal pay policy to employees at all locations.

22.     Defendants are integrated employers, with interrelated operations, common management and directors, centralized control of labor relations personnel, and common ownership. As integrated employers, Defendants employ Class Members and subject them to the same illegal policies.

23. Defendants are joint employers, and have jointly employed employees of Defendants at all times within the statutory period. As joint employers, Defendants subject employees to the same illegal policies.

24. The work performed by Class Members simultaneously benefits all Defendants.

25. Defendants follow a single set of written rules regarding payroll procedures, time-keeping, scheduling, punctuality, safety, and workplace relationships and conduct.

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 29 U.S.C. §216(b).

27. This Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 for those claims authorized under Ohio Revised Code Chapter 4111 (R.C. 4111.03 and 4111.10).

28. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the acts giving rise to the claims of the Plaintiffs occurred within this judicial district, and Defendants regularly conduct business in and have engaged and continue to engage in the wrongful conduct alleged herein—and thus, are subject to personal jurisdiction within—this judicial district.

## FACTUAL ALLEGATIONS

29. Three of the most basic protections afforded by the FLSA are the entitlement of employees:

(1) to be paid for all hours worked;

- 9 -

      (2)      to be paid a minimum wage; and

      (3)      to be paid premium overtime compensation for all hours worked in excess of forty hours per week, unless such employees are properly shown to be exempt from such protections.

30.    In violation of these basic protections, Defendants have had a payroll policy of automatically deducting 30 minutes per shift worked for a so-called meal break for certain hourly-paid workers.

31.    This policy applies to all hourly-paid, non-exempt employees who are responsible for direct patient care.

32.    Under Defendants' policy, Defendants instruct its employees to clock in at the beginning and clock out at the end of their shifts; however, Defendants do ***not*** require its employees to clock out at the beginning of their meal period and/or clock back in at the end of their meal period.

33.    Instead, under this payroll policy, Defendants have programmed its time tracking system to automatically deduct 30 minutes per shift worked for the employees subject to this policy. This is the default time tracking rule for Plaintiffs and the Class Members.

34.    This payroll policy applies to employees responsible for direct patient care including, but not limited to, nurses, nursing assistants, patient care assistants, and patient care associates.

35.    In violation of these basic protections, Plaintiffs and the members of the Class were not lawfully paid for all hours worked, including, but not limited to, full and

accurate overtime compensation for all hours worked above and/or beyond forty hours in each work week.

36.     Defendants are the former employers of Plaintiffs and the members of the Class within the meaning of the FLSA.

37.     At all times material to this Complaint, upon information and belief, Defendants grossed more than $500,000 in all relevant years.

38.     The reporting of hours worked by Defendants' employees was uniformly and routinely manipulated by the employer to avoid reporting the accurate amount of time worked by its employees. Plaintiffs and the members of the Class were routinely not fully and accurately paid for time worked, including, but not limited to, overtime.

39.     As a result of these timekeeping practices, the records of hours worked for all employees of Defendants do not accurately reflect the total hours worked by Plaintiffs and the members of the Class. Furthermore, the timekeeping records kept by Defendants do not accurately reflect the correct rate of pay that Plaintiffs and the members of the Class should have been paid for hours worked in excess of forty hours per week.

40.     At this stage of litigation, Plaintiffs and the members of the Class are unable to state the exact amount of damages suffered by each of the members of the Class, but Plaintiffs and the members of the Class believe that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiffs bring this First Cause of Action on behalf of the Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b) (hereinafter "the Collective Class").

42.     The claims under the Fair Labor Standards Act may be pursued by those similarly situated employees who opt-in to this case pursuant to 29 U.S.C. § 216(b).

43.     The members of the Collective Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the Collective Action is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are numerous other individuals who are potential members of the Collective Class.

44.     The claims of the Plaintiffs are typical of the claims of the Collective Class. Plaintiffs and the members of the Class work or have worked for Defendants and were subject to the same operational, compensation, and timekeeping policies and practices, including not being paid fully and accurately for all hours worked including but not limited to these hours in excess of forty hours per week.

45.     Common questions of law and fact exist as to all members of the Collective Class and predominate over any questions only affecting any member individually. The common questions of law and fact include:

(1)     whether Defendants failed to pay Plaintiffs and the members of the Class for so-called meal breaks that Plaintiffs were consistently forced to work through due to the demands of the job;

(2)     whether Defendants failed to pay Plaintiffs and the members of the Class full and accurate overtime compensation due to them for all hours worked in excess of

- 12 -

forty hours per week at the correct rate at the time the hours in excess of 40 per week were performed;

(3)    the correct statutes of limitation for Plaintiffs' claims and for the claims of the members of the Class;

(4)    whether Plaintiffs and the members of the Class are entitled to damages, including, but not limited to, liquidated damages, and the measure of damages; and

(5)    whether Defendants are liable for attorneys' fees and costs.

46.    Plaintiffs will fairly and adequately protect the interests of the Collective Class as their interests are aligned with those of the members of the Collective Class. Plaintiffs have no interests adverse to the class, and Plaintiffs have retained competent counsel who is experienced in class action litigation.

47.    The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the dispute at bar. The damages suffered by individual members of the Collective Class are relatively small when compared to the expense and burden of litigation, making it virtually impossible for the members of the Class to individually seek redress for the wrongs done to them.

48.    Plaintiffs and the members of the Collective Class have suffered and will continue to suffer irreparable damage from the unlawful policies and practices implemented by Defendants.

## CLASS ACTION ALLEGATIONS

49.    Plaintiffs bring their Fourth Cause of Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all non-exempt persons employed by Defendants in the State of Ohio during the three year period immediately prior to the filing of this Complaint. The claims brought pursuant to the Ohio Minimum Fair Wage

Standards Act, R.C. 4111.01, *et seq.*, may be pursued by means of a Class Action (hereinafter referred to as "the Ohio Class").

50.　All such persons employed by Defendants within the State of Ohio, including Plaintiffs, are readily ascertainable. The number and identity of the Ohio Class members are determinable from the Defendants' employment records. The hours assigned and worked, the positions held, and the rates of pay for each Ohio Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by any means permissible under Fed. R. Civ. P. 23.

51.　The proposed Ohio Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is currently unknown to Plaintiff, the precise number of such persons and the facts on which the calculation of that number are based are presently within the sole control of Defendants, and, upon information and belief, there are hundreds of Ohio Class members.

52.　Plaintiffs' claims are typical of those claims which could be alleged by any member of the Ohio Class, and the relief sought is typical of the relief which will be sought by each member of the Ohio Class if that member were to file a separate action. All the Ohio Class members were subject to the same corporate practices of Defendants, as alleged herein, including the failure to pay full and accurate wages owed for each hour of work including but not limited to those hours worked in excess of forty hours per week. Defendants' company-wide policies and practices affected all Ohio Class members similarly, and Defendants benefited from the same type of unfair and wrongful act as to

each Ohio Class member. Plaintiffs and the other Ohio Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

53.     Plaintiffs are able to fairly and adequately protect the interests of the Ohio Class and have no interests antagonistic to the Ohio Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

54.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy before the Court—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously pursue claims against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Ohio Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them individually. Furthermore, important public interests will be served by addressing this matter as a class action. The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant savings. The prosecution of separate actions by individual class members would also create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Ohio Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. Finally, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

55.    Upon information and belief, Defendants have violated Ohio state law with regard to the payment of full and accurate wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action treatment provides class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

56.    Common questions of law and fact exist as to all members of the Ohio Class and predominate over any questions only affecting any member individually. The common questions of law and fact include:

> (1)    whether Defendants failed to pay Plaintiffs and the members of the Class for so-called meal breaks that Plaintiffs were consistently forced to work through due to the demands of the job;

> (2)    whether Defendants failed to pay Plaintiffs and the members of the Class full and accurate overtime compensation due to them for all hours worked in excess of forty hours per week at the correct rate at the time the hours in excess of 40 per week were performed;

> (3)    the correct statutes of limitation for Plaintiffs' claims and for the claims of the members of the Class;

(4) whether Plaintiffs and the members of the Class are entitled to damages, including, but not limited to, liquidated damages, and the measure of damages; and

(5) whether Defendants are liable for attorneys' fees and costs.

57. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**FULL AND ACCURATE WAGES**
**(On Behalf Of the Collective Class)**

58. Plaintiffs, on behalf of themselves and the members of the Collective Class, repeat and reallege the allegations contained in the preceding Paragraphs above as if they were fully set forth herein.

59. At all times relevant to this action, Defendants have been and continues to be an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

60. At all times relevant to this action, Defendants employed and/or continues to employ Plaintiffs and each of the members of the Collective Class within the meaning of the FLSA.

61. At all times relevant to this action, Defendants had a uniform policy and practice of willfully refusing to pay its employees for every hour worked including but not limited to those hours worked in excess of forty hours per week by Plaintiffs and each of the members of the Collective Class.

62. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the members of the Collective Class, the applicable federal minimum wage for all hours worked including but not limited to those hours worked in excess of forty hours per week at a rate of not less than one and one-half times the regular

rate of pay, Defendants have violated and continues to violate the FLSA, 29 U.S.C. §
291, *et seq.*

63.     Defendants' conduct constitutes a willful violation of the FLSA within the
meaning of 29 U.S.C. § 255(a).

64.     Due to Defendants' willful FLSA violations, Plaintiffs, on behalf of
themselves and the members of the Collective Class, are entitled to recover from
Defendants (1) compensation for unpaid wages; (2) an additional equal amount as
liquidated damages; and (3) reasonable attorneys' fees and the costs of this action,
pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**OHIO MINIMUM FAIR WAGE STANARDS ACT VIOLATIONS –**
**MINIMUM AND OVERTIME WAGES**
**(On Behalf Of the Ohio Class)**

65.     Plaintiffs, on behalf of themselves and the members of the Ohio Class,
repeat and reallege the allegations contained in the preceding Paragraphs above as if they
were fully set forth herein.

66.     Defendants failed to pay minimum wages and accurate overtime pay to
Plaintiffs and the members of the Ohio Class in violation of the Ohio Minimum Fair
Wage Standards Act, R.C. 4111.01, *et seq.*

67.     Defendants' failure to pay proper wages to Plaintiffs and the members of
the Ohio Class for each hour worked including but not limited to those hours worked in
excess of forty hours per week was willful within the meaning of the Ohio Minimum Fair
Wage Standards Act and in reckless disregard of applicable law.

68.     As a direct and proximate result of Defendants' failure to comply with
state law minimum wage and overtime provisions, Plaintiffs and the members of the Ohio

Class suffered a loss of wages and interest thereon as well as incurring the costs and attorneys' fees associated with this action.

## THIRD CLAIM FOR RELIEF
## OPPA VIOLATION O.R.C. §4113.15(A)
### (On Behalf of Ohio Class)

69.     Plaintiffs, on behalf of themselves and the members of the Collective Class, repeat and reallege the allegations contained in the preceding Paragraphs above as if they were fully set forth herein.

70.     During all times material to this complaint, Defendants were entities covered by the OPPA and Plaintiffs and the Ohio Subclass members are/were employed by Defendants within the meaning of the OPPA.

71.     The OPPA requires that Defendants pay Plaintiffs and the Ohio Subclass members all wages, including unpaid overtime and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. See O.R.C. §4113.15(A).

72.     During all times material to this complaint, Plaintiffs and the Ohio Subclass members are/were not paid wages, described as overtime wages at one and one-half times their regular hourly rate and the pay improperly deducted, within thirty (30) days of performing the work. See, O.R.C. §4113.15(B).

73.     Plaintiffs' unpaid wages and those of the Ohio Subclass remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

74.    In violating the OPPA, Defendants acted willfully and with reckless disregard of clearly applicable Ohio law.

**FOURTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
(On Behalf of Class)

75.    Plaintiffs, on behalf of themselves and the members of the Collective Class, repeat and reallege the allegations contained in the preceding Paragraphs above as if they were fully set forth herein.

76.    Plaintiffs conferred a benefit on Defendants by working through their entire shifts and never taking a lunch.

77.    Defendants knew Plaintiffs worked their entire shift and never took a lunch break, although a lunch break was automatically deducted from Plaintiffs' pay.

78.    Defendants benefited from Plaintiffs' work and retain that benefit.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated members of both the Collective and Ohio Class, request this Court grant the following relief against Defendants:

(1)    Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising all members of the Collective Class of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

(2)     Designation of Plaintiffs, Lynnett Myers, Carol Butler and Arva Lowther, as Representatives of the FLSA Collective Class Plaintiffs;

(3)     Prompt notice, pursuant to 29 U.S.C. § 216(b), to all Collective Class members that each has the right to "opt-in" to this litigation;

(4)     On the First Claim for Relief, an award of unpaid compensation for full and accurate overtime compensation to Plaintiffs and the members of the Class;

(5)     An order declaring Defendant's FLSA violation were willful;

(6)     On the Second and Third Claim For Relief, designation of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class, and prompt issuance of notice pursuant to Fed. R. Civ. P. 23(c)(2), apprising all members of the Ohio Class of the pendency of this action and permitting them to assert their state law wage and overtime claims in a timely manner, and an award of compensation for unpaid wages, minimum wages, and overtime wages to Plaintiffs and the members of the Ohio Class;

(7)     Designation of Plaintiffs, Lynnett Myers, Carol Butler and Arva Lowther, as Representatives of the Ohio Class;

(8)     An injunction prohibiting Memorial Health System from engaging in future wage and hour violations;

(9)     On the First, Second, and Third Claims for Relief, an award of liquidated damages to Plaintiffs and the members of the Class;

(10)     On the First, Second, and Third Claims For Relief, an award of prejudgment and post-judgment and all other available interest to Plaintiffs and the members of the Class;

(11)    On the First, Second, and Third Claims For Relief, an award of the costs
and expenses incurred in bringing this action together with reasonable attorneys' fees and
expert fees to Plaintiffs and the members of the Class;

(12) On the Fourth Claim for Relief all unpaid wages; and

(13) Such other and further legal and equitable relief as this Court deems just and
proper.

> Respectfully submitted,
>
> /s/ Steven C. Babin, Jr.
> Steven C. Babin, Jr.    (0093584)
> Lance Chapin            (0069473)
> Chapin Legal Group, LLC
> 580 South High Street, Suite 330
> Columbus, Ohio  43215
> Telephone:    614.221.9100
> Facsimile:     614.221.9272
> E-mail:    steven.babin@chapinlegal.com
>                 lance.chapin@chapinlegal.com
>
> Attorneys for Plaintiffs
> Lynnett Myers, *et al.*

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues.

> /s/ Steven C. Babin, Jr.
> Steven C. Babin, Jr.    (0093584)
> Chapin Legal Group, LLC
>
> Attorney for Plaintiffs
> Lynnett Myers, *et al.*

- 22 -

## CONSENT TO SUE UNDER THE F.L.S.A.

I, _____Lynnett Myers_____, hereby consent to be a plaintiff in an action under the Fair

Labor Standards Act, 29 U.S.C Section 201, *et seq.,* to secure any unpaid wages, overtime pay,

liquidated damages, attorney's fees, costs and other relief arising out of my employment with

_____Marietta Memorial Hospital_____.

I authorize the attorneys of the Chapin Legal Group, LLC and/or any associated attorneys

as well as any successors as assigns to represent me in such action.

Dated: ___10/8/15_____

_____
Lynnett Myers

## CONSENT TO SUE UNDER THE F.L.S.A.

I, _____Carol Butler_____, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C Section 201, *et seq.,* to secure any unpaid wages, overtime pay, liquidated damages, attorney's fees, costs and other relief arising out of my employment with _____Marietta Memorial Hospital_____.

I authorize the attorneys of the Chapin Legal Group, LLC and/or any associated attorneys as well as any successors as assigns to represent me in such action.

Dated: ___OCTOBER 12, 2015___          _____
                                                              Carol Butler

## CONSENT TO SUE UNDER THE F.L.S.A.

I, _____Arva Lowther_____, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C Section 201, *et seq.,* to secure any unpaid wages, overtime pay, liquidated damages, attorney's fees, costs and other relief arising out of my employment with _____Marietta Memorial Hospital_____.

I authorize the attorneys of the Chapin Legal Group, LLC and/or any associated attorneys as well as any successors as assigns to represent me in such action.


Dated: _10 / 22 / 15_        _Arva Lowther_

                                              Arva Lowther