# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **LYNNETT MYERS**, *et al.*, | : |
| | : Case No. 2:15-CV-2956 |
| Plaintiffs, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Chelsey M. Vascura |
| **MEMORIAL HEALTH SYSTEM** | : |
| **MARIETTA MEMORIAL HOSPITAL**, *et al*,: | |
| | : |
| Defendants. | : |

## OPINION & ORDER

This matter comes before the Court on the parties' cross-Motions for Summary Judgment (ECF Nos. 219, 224). For the reasons below, Defendants' Motion for Summary Judgment is **DENIED** and Plaintiffs' Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

The parties are engaged in a lawsuit about Defendants' alleged violations of the Fair Labor Standards Act (FLSA). Plaintiffs sought leave to file a Third Amended Complaint to name as defendants the CEO and CFO of Defendant Hospital in their individual capacities. (ECF No. 212). Weighing the motion, the Magistrate Judge reasoned that denying leave to amend to add defendants was tantamount to a decision on the merits. (ECF No. 215). In an effort to avoid such a decision, leave to amend was granted. After Plaintiffs filed the Third Amended Complaint (ECF No. 216), Defendants filed an Answer (ECF No. 218) and then filed a Motion for Summary Judgment (ECF No. 219). Specifically, Defendants request judgment as a matter of law that recently joined Defendants Mr. J. Scott Cantley and Mr. Eric Young are not employers of Plaintiffs within the meaning of the FLSA. Plaintiffs filed a cross Motion for Partial Summary Judgment and also opposed Defendants' Motion. (ECF No. 224). Plaintiffs request a

determination that, as a matter of law, Defendants Cantley and Young are employers of Plaintiffs within the meaning of the FLSA. Defendants subsequently filed a response in opposition to Plaintiffs' motion (ECF No. 229) and Plaintiffs filed a response in opposition to Defendants' motion (ECF No. 231).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere possibility of a factual dispute is insufficient to defeat a motion for summary judgment. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). Summary judgment is inappropriate, however, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient to survive the motion; there must be evidence on which the jury could reasonably find for the opposing party. *See Anderson*, 477 U.S. at 251;

*Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). It is proper to enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322 (quoting *Anderson*, 477 U.S. at 250).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013).

### III. FLSA EMPLOYER DETERMINATION

The FLSA, 29 U.S.C. § 203(d), defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). More than one "employer" can be simultaneously responsible for FLSA obligations. *Id*. "The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Id*. (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (per curiam)). The question of "[w]hether a party is an employer within the meaning of the FLSA is a legal determination." *Id*. (citing *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986); *Karr v. Strong Detective Agency, Inc*., 787 F.2d 1205, 1206 (7th Cir. 1986); *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir.1984)).

The Sixth Circuit has held that "the test to be applied in determining whether a person is an 'employer' responsible for FLSA obligations is one of 'economic reality,' "rather than

"common law concepts of agency." *U.S. Department of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995) (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994), *cert. denied,* 513 U.S. 875); *Elliott Travel*, 942 F.2d at 965. Under this "economic reality" test, "a corporate officer who has operational control of the corporation's covered enterprise is an 'employer' under FLSA, along with the corporation itself." *Cole*, 62 F.3d at 778 (citing *Fegley*, 19 F.3d at 1131). More specifically, "[o]ne who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for the purposes of FLSA. *Id.*; *see also Elliott Travel*, 942 F.2d at 965 ("corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and who personally made decisions to continue operations despite financial adversity during the period of non-payment" were employers under the FLSA).

In determining whether a party is an employer, "[n]o one factor is dispositive; rather, it is incumbent upon the courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts of each case." *Elliott Travel*, 942 F.2d at 965 (quoting *Donovan v. Sabine Irrigation Co*., 695 F.2d 190, 195 (5th Cir.), *cert. denied*, 463 U.S. 1207 (1983)).

### IV. ANALYSIS

The parties have each submitted a Motion for Summary Judgment asking for a determination as to the status of Messrs. Cantley and Young. Plaintiffs request that the Court determine, as a matter of law, that these two defendants were employers of Plaintiffs, and enter

summary judgment accordingly. Defendants request the Court determine Mr. Cantley and Mr. Young were not employers within the meaning of the FLSA.

Mr. Cantley is the President and CEO of Memorial Health System. Mr. Young is the Vice President and Chief Financial Officer for Memorial Health System. Plaintiffs argue that both are "employers" within the meaning of the FLSA, while Defendants argue that neither has day-to-day control of hospital staff and neither is involved in hiring, firing, or scheduling decisions.

The "economic realities" analysis outlined by the Supreme Court in *Goldberg v. Whitaker House Co-op., Inc*., 366 U.S, 28, 32-33, and expanded by the Sixth Circuit in *Elliott Travel*, and in *Cole Enterprises, supra*, indicates Messrs. Cantley and Young have, by their office, many of the indicia of being employers within the meaning of the FLSA. Given the commonly understood responsibilities of these officers, Cantley and Young are almost by definition employers per *Cole Enterprises*. *Cole,* 62 F.3d at 778. They have operational control over significant aspects of the business. The record before this Court reflects that Messrs. Cantley and Young are corporate officers who have operational control of significant aspects of the Hospital's functions. As CEO and CFO, it cannot be gainsaid that each controls significant functions of the business—strategy and finance, respectively. Their duties almost by definition would be the role the FLSA imagined when it established employer liability. The FLSA's remedial purpose and broad definition – "any person acting directly or indirectly in the interest of an employer in relation to an employee" – further urges the conclusion that Messrs. Young and Cantley are employers as a matter of law.

That Defendant Hospital is a non-profit and so neither Mr. Cantley nor Mr. Young has literal "significant ownership" cannot defeat this determination. As Plaintiffs rightly note, the logical extension of that position would exempt the leadership of any non-profit from employer

status under the FLSA. In addition, as *Elliott Travel* notes, no one factor of the economic realities test is dispositive. 942 F.3d at 965. Finally, because Courts are to "assess the economic realities presented by the facts of each case," *id.*, it is possible to understand "significant ownership interest" to indicate a broader understanding than merely "shareholder with a large stake." *See generally Donovan v. Brandel,* 736 F.2d 1114, 1116 (6th Cir. 1984) (noting employment relationships do not lend themselves to "a precise test" but should instead "be determined on a case-by-case basis upon the circumstances of the whole business activity.") Such an understanding could take into account the putative employer's relative position within the organization, institutional power, and other factors to have a fuller understanding of the role of the individual in the organization.

For these reasons, therefore, this Court finds that Messrs. Young and Cantley are employers as a matter of law.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion is **DENIED** and Plaintiffs' Motion is **GRANTED**.

**IT IS SO ORDERED.**

                                                **s/Algenon L. Marbley**
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: March 12, 2019**